Good morning. We're going to proceed now with appeal number 21-2327, Emily Lewis v. Indiana Wesleyan University. We'll begin with oral argument from counsel for the appellant, Ms. Boyd. Thank you. May it please the court, my name is Amber Boyd and I represent the appellant this matter, Emily Lewis. Your Honor, I want to reserve two minutes for rebuttal. Yes. Will Your Honor like a brief presentation of the facts? If not, I would like to proceed with the argument. You can proceed with argument. Thank you. Dr. Lewis is asking this court to overturn the district court's decision because the district court failed to analyze Dr. Lewis's claims and applied the wrong legal standard. First, Your Honor, the district court failed to analyze Dr. Lewis's termination claims based on her race and age. There is no dispute from and the record is very clear that the district court just did not rule on these two claims. Now, this court has established that the district court's silence requires reversal and at the very least, remand. Ms. Boyd, can you speak to whether or not if we agree with your point and remand, whether it would be futile, that act would be futile? Your Honor, yes. First, the act would not be futile because Dr. Lewis can prove every element of her prima facie case and Dr. Lewis did prove every element of her prima facie case in her motion for summary judgment response. First, Dr. Lewis proved that she was in a protected class, that she's an African-American woman and she's 60 years old. She proved and there was no doubt that she was meeting the employer's legitimate expectations. She provided performance evaluations and also feedback from her colleagues. There's also no doubt that Dr. Lewis suffered a material adverse action. Her position was eliminated. Now, the only dispute is regarding the fourth element and we are arguing that a mini-riff analysis should be applied because Dr. Lewis's duties were absorbed by individuals outside of her protected class and Dr. Lewis presented evidence that seven out of the eight of her duties were absorbed by younger Caucasian employees and thus Dr. Lewis has met her every element of her prima facie case and she need only proof pretext and Dr. Lewis proved pretext in her motion for summary judgment response. Dr. Lewis proved pretext by showing a couple things. One, that Chris's reason for elimination just could not be the real reason, that IWU gave three different reasons for the termination and the younger Y employees were treated better than Dr. Lewis. Starting with the first one, in February of 2019, Chris stated that she was eliminating Dr. Lewis's position because she believed research was her job and she couldn't trust anyone to conduct research and that Lewis could not lead or be led. However, Chris's reason is not true. First, Chris delegated this research that she believed she could only do. She delegated that research to younger white instructional designers. Second, Chris trusted CMOS, a younger white woman, to conduct research and trusted her and relied on her research even though she has less education than Dr. Lewis and not only did she trust CMOS's research, but she also trusted the research instructional designers conducted as well. Third, Chris has no knowledge of Dr. Lewis's ability to lead or be led because she made the decision to eliminate Dr. Lewis's position two months prior to even managing Dr. Lewis. Second, Dr. Lewis proved pretext by showing IWU provided multiple reasons for the termination. First, in February 2019, again, Chris stated that the reason that was because she believed research was her job, that she couldn't trust anyone to do the research, and that she believed Dr. Lewis could not lead or be led. And then secondly, in June 2019, Chris stated that Dr. Lewis's position no longer served the needs of the students and faculties. And then third, on January 2021, Chris stated that the role lacked alignment with the 2018 strategic plan. So, Ms. Boyd, if we were to agree with you in remand, and you're listing all this evidence with regard to the fourth element, the mini-RIF element, are you asking that we would remand for the district judge to enter judgment in your client's favor, or are you seeking further litigation, adducing facts, discovery on a remand? What's the scope of the remand that you're asking for on the discrimination claims? Well, first, your honor, I would not ask for there to be any further discovery. I think this case has been unable to discover and been completed. I would ask this court to, for the district court, to inform the district court that they need to apply the law. Because this court has stated, and from the case law, it stated that the appellate court cannot review or provide a ruling regarding a district court's decision when there's not sufficient evidence as to why the district court ruled in the way in which they did. And in this situation, the district court, because there's void of any information as to why they ruled for the summary judgment to be granted, but I think it's appropriate for the district court now to rule on this claim. Thank you. You may continue. Ms. Boyd, if we agree with you on the termination claim based on race that the district court did not rule on that particular claim, you've also argued that the district court didn't rule on a discrimination based on age. But looking through the briefing before the district court, it seems that your focus really was on the race and not the age. Why haven't you waived the claim as to age discrimination? Your Honor, because looking on the face of the motion for summary judgment, response to motion for summary judgment, Dr. Lewis appropriately provided the legal standard for age discrimination, and she did so on docket 47 on page 15. Dr. Lewis stated her protected class that she was a six-year-old woman, and that's on page 16 as well. Dr. Lewis stated that she was meeting the defendant's legitimate expectations, and that's on page 16 as well. And there on page 17, Dr. Lewis stated that she suffered adverse action. But where's the analysis on the age discrimination? You've given the elements, and they're essentially the same elements for the race discrimination. But where's the analysis that you made in your briefing on age discrimination? I believe, Your Honor, on page 19, Dr. Lewis stated that her duties were absorbed by individuals outside of her protected class. And the same individuals for her race claim, same comparators for her race claim are the comparators for her age claim. Did you include the ages of any of those individuals? Yes, Your Honor. In the facts, all the ages of the individuals are stated. And are any of those individuals 40 or older? Just one individual is over the age of 40. Lastly, younger Caucasian employees were treated more favorably than Dr. Lewis. Instructional designers and CMOs were allowed to conduct research, and Chris relied on that as Dr. Lewis has presented evidence to establish that every element of her prima facie case, and she has proven pretext. Since all inferences are to be drawn in Dr. Lewis's favor, summary judgment should have been denied. Your Honor, because I'm so close to my two-minute rebuttal time, I would like to reserve the last two minutes for rebuttal. Thank you, Your Honor. That'll be granted. And the individual comparator who was older was Garner, is that right? Yes, Your Honor, just that one single individual. All right, thank you. The remainder of the time will be reserved. Let's now move to argument from the appellee, Mr. Hollis. Thank you, Your Honor. Good morning, the court, and to Ms. Boyd, Edward Hollis, representing the appellee, Indiana Wesleyan University. As the court alluded to, Ms. Lewis has abandoned and waived in the district court or on appeal all but two of her claims. I plan to focus my remarks today primarily on one issue, the pretext stage analysis, because it equally is dispositive of both the remaining retaliatory discharge claim as well as the race discrimination claim. Of course, I'd be pleased to take questions on any other. Mr. Hollis, do you agree that the district court did not specifically address the race discrimination claim? I do agree with that, Your Honor. However, of course, this court's review is de novo and it can affirm on any basis in the record, even if the district court did not address it, as stated in DOOR Systems v. ProLine. Here, the district court did not need to reach the pretext analysis on the retaliatory discharge claim because it found that Ms. Lewis had not established the but-for-causal element of a prima facie case. However, again, this court can affirm on any basis in the record, even if the district court did not address it. Here, the legitimate reason for Indiana Wesleyan University eliminating Ms. Lewis's position is that her new supervisor, Ms. Crisp, did not believe that that position aligned with Ms. Crisp's goals for the CLI, the Center for Learning Innovation, or with Indiana Wesleyan's strategic plan as she, Ms. Crisp, interpreted them. It's been suggested that Ms. Crisp offered differing or contradicting reasons for this, but that's simply not true. What does that mean, that the position doesn't align with her goals for the CLI or the strategic plan as she envisions them? There were three points to that. One, Ms. Lewis's main duties, which were described or defined by Crisp as, quote, overseeing the development of a research agenda for new technologies and analogies, were eliminated entirely and those were not replaced and no one did those duties thereafter. In other words, she didn't need somebody in a leadership position developing research agendas. That's not to say that no research was ever needed, but that could have been done either with a research assistant position, which Ms. Crisp offered to create for Ms. Lewis and she declined, or it's something that Ms. Crisp could do on her own. She didn't need a separate leadership role for that. Second of all, Ms. Crisp did not feel that Ms. Lewis's positions really met the needs of the students or faculty under the strategic planning process, which is something that she mentioned in both her email to Chancellor Lucas on February 23rd of 2019 and again in the letter on June 17th that she provided to Ms. Lewis informing her that the position would be eliminated. Third, Ms. Crisp had concerns about Ms. Staff and the CLI, which was particularly acute because Ms. Crisp intended to make the environment more collaborative and with a flat hierarchy and she just didn't believe that Ms. Lewis had that ability given the past history of needing to be removed from supervisory duties because all her subordinates had complained about her leadership. Of course, the pretext analysis hinges on honest belief, not correctness. There's no evidence that Ms. Crisp did not believe her explanation for why she decided to eliminate this position. And key, the same pretext analysis that applies to the retaliation claim also applies to the race discrimination claim equally and would be dispositive of that claim. Let me also mention just briefly because it was brought up, Amber Simos as a comparator, that's simply not a valid comparator. Those were two entirely different research positions and types of research. Ms. Crisp testified that Amber Simos was engaged in market research, which she said consisted of researching Bureau of Labor Statistics data, job posting data to understand market trends and what universities, what sort of courses they were offering so that Indiana Wesleyan could then decide what programs and courses to offer. Is that a factual issue that this court should be taking up in the first instance as to whether or not they're actual comparators? No, it's a matter of law, Your Honor, because Ms. Lewis was engaged in academic research, as Ms. Crisp testified, overseeing the research agenda for new technologies and androgyny. In other words, what tech and adult learning methods should be used to actually teach courses as opposed to what courses should be taught in the first instance. So, Ms. Lewis has waived all but two of her claims. She waived the age claims. She waived the sex discrimination claims mentioned in the complaint. She waived claims related to alleged emotions in 2017 and 2018. And she waived claims regarding various miscellaneous complaints about whether she was provided a key or an office at a certain time. Only the claims regarding retaliatory discharge and race discrimination discharge remain. With respect to age, as the court noted, there is no argument that's developed in the brief below concerning age. In fact, ADEA, the Age Discrimination Employment Act, is mentioned only in the introductory paragraph of the brief, but no analysis is ever provided. And under burden, which is cited in the briefing, a party has waived the ability to make a specific argument for the first time on appeal when that party failed to present that specific argument to the district court, even though the issue may have been before the district court in more general terms. And we think that would apply here clearly. Since there's enough time, I'd also like to comment back on the retaliation claim. As the district court indicated in its brief, Ms. Lewis had not established the causal element, the but-for causation necessary to support a retaliatory discharge claim. Of course, failure to establish any element of a prima facie case is fatal to the claim. There were two arguments that Indiana Wesleyan advanced that Ms. Lewis simply didn't respond to. One, in the absence of any other evidence of retaliatory motive, a six-month time gap between her complaint in August 2018 and the decision by Ms. Crisp in February 23rd that she intended to eliminate Ms. Lewis's position undercuts any notion of retaliation. Second of all, and even more important, there was no evidence that Ms. Crisp had any knowledge of the complaint. Again, Indiana Wesleyan advanced that argument in the case of Ms. Crisp. And so, that's another reason that the retaliation claim should be affirmed. Summary judgment on the retaliation claim should be affirmed as well, Your Honor. Thank you, Mr. Hollis. We'll now move back to Ms. Boyd for rebuttal argument. Thank you, Your Honor. I would like to make multiple points. The first point is in regards to this idea that Dr. Lewis's duties, her main duties were eliminated. First, this is the first time the defendant is arguing that her main duty is overseeing the development of research agenda for new technologies and androgynous. That's the first time they're making an argument. And that's the only one duty that they can point to that's been eliminated. And when you refer back to Crisp's email, the February 2019 email, when she first made the decision to eliminate Dr. Lewis's position, she discussed that it was the research is the reason why that she was eliminating Dr. Lewis's position. And she says it's the research because she cannot trust someone's work product in regards to that research. Not overseeing the development of an agenda, it was the actual research that was being done. Secondly, Your Honor, Dr. Lewis has refuted and rebutted the defendant's honest belief. This court has stated that the only thing the plaintiff must do is to rebut the defendant's honest belief is to provide specific evidence that the reason for the adverse action did refuse the defendant's supposed honest belief. And Dr. Lewis has done just that by pointing to the fact that Crisp's reasons cannot be the real reason and the fact that Crisp provided multiple reasons for the elimination of her position. Secondly, Your Honor, and lastly, this court has stated time and time again that causal connection, I'm sorry, excuse me, Your Honor. In order to argue and to prove causal causation, there cannot be a bright line rule that is provided, that is a fact intensive. And not only that, Dr. Lewis never argued that there was a timing. Because Lewis can prove the district court failed to provide a ruling, disregarded well-established case law, and failed to consider all evidence, summary judgment should be denied and this case should be reversed and sent to trial. Thank you, Your Honor. Thank you, Ms. Boyd. Thank you, Mr. Hollis. The case will be taken under advisement.